UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLYFORD RENE,

Petitioner,

v. Case No.: 2:26-cv-03022-SPC-KRH

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT *et al.*,

Respondents.

______________________________________/

**OPINION AND ORDER**

Before the Court are Clyford Rene's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Rene's reply (Doc. 6).

Rene is a native and citizen of Haiti who lawfully entered the United States under the Haitian Humanitarian Parole program on October 4, 2022. Rene now lives in West Palm Beach, Florida with his family, and he has a pending asylum claim and no criminal record. On October 30, 2026, Immigration and Customs Enforcement (ICE) arrested Rene because of his immigration status. He is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

Rene claims his detention without a bond hearing violates the Fifth Amendment and the Immigration and Nationality Act. In response, the government confirms it will not conduct a bond hearing because it considers

Rene an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is contrary to binding Eleventh Circuit precedent. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Rene's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts look to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous

deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Rene's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Rene is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien" (contrary to the plain meaning of the term and the law of this circuit). Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, while the government has a legitimate interest in preventing noncitizens in removal proceedings from absconding, the process attendant to

§ 1226(a) would be adequate to serve the interest in this case. That process includes an initial custody determination, the right to request a custody redetermination hearing, and the right to request additional hearings when circumstances materially change. By classifying Rene as an "arriving alien" subject to mandatory detention under § 1225(b)(2), the government has stripped him of the right to any discretionary review of his detention, no matter the circumstances.

For these reasons, the Court finds that the government violated Rene's Fifth Amendment rights by detaining him under an inapplicable statutory framework that does not provide due process.

Accordingly, it is hereby

**ORDERED**:

Clyford Rene's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Rene and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record